UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PETER JASON HELFRICH,

*Petitioner*,

vs.

STATE OF NEVADA, *et al.,*

*Respondents*.

Case No. 2:16-cv-00312-RFB-NJK

**ORDER**

This habeas action comes before the Court on petitioner's second, third and fourth pauper applications (ECF Nos. 8, 14 & 23), on multiple motions filed by petitioner (ECF Nos. 10, 11, 12, 13, 17, 18 & 20), and for initial review of the amended petition (ECF No. 9) under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules").

**I. Pauper Applications**

Petitioner's third pauper application (ECF No. 14) is properly completed with all required attachments. The Court finds based on the application that petitioner is unable to pay the filing fee. The third application therefore will be granted, and the remaining two applications will be denied without prejudice as moot. The Court accordingly proceeds to initial review of the amended petition (ECF No. 9).

**II. Screening**

With regard to initial review, habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle*

*v. Felix*, 545 U.S. 644, 655-56 (2005). Even under a more liberal notice pleading standard, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686 (2009). Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. 556 U.S. at 679. The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655. A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.*

Ground 1 does not present a claim that is cognizable in a federal habeas corpus proceeding. In Ground 1, petitioner alleges that his state post-conviction counsel had a conflict of interest and provided ineffective assistance at the state post-conviction evidentiary hearing. (See ECF No. 9, at 2 & 4.)[1] There is no federal constitutional right to appointed counsel in a state post-conviction proceeding, and claims of error in such proceedings do not present a federally cognizable claim. *E.g., Franzen v. Brinkman*, 877 F.3d 26 (9th Cir. 1989). While alleged inadequate assistance of state post-conviction counsel may be considered with respect to certain procedural issues in a federal habeas corpus proceeding, a claim of such alleged inadequate assistance does not present an independently viable federal constitutional claim in its own right. *See generally Martinez v. Ryan*, 566 U.S. 1, 17 (2012). The Court further does not have appellate jurisdiction over the state courts, and it therefore generally cannot issue decrees to those courts or transfer this action to those courts.

Ground 2 is frivolous on its face. In Ground 2, petitioner alleges that the Nevada voluntary manslaughter statute under which he was convicted pursuant to a plea, N.R.S. 200.080, is unconstitutional because, *inter alia*, it did not contain an enacting clause when Nevada's state statutes were codified into the Nevada Revised Statutes some six decades

---

[1] Unless otherwise noted, all page citations herein are to the CM/ECF generated electronic document page number in the page header, not to any page number in the original document.

1 ago. A number of Nevada state inmates have attempted to overturn their convictions *pro se*
2 based upon substantially similar arguments. The Supreme Court of Nevada and the Nevada
3 Court of Appeals repeatedly have rejected the core argument presented here regarding the
4 alleged lack of enacting clauses in the Nevada Revised Statutes in numerous opinions, which
5 were not published apparently due to the nonprecedential value of an opinion on such a
6 patently meritless challenge.[2] The Supreme Court of Nevada is the final arbiter of Nevada
7 state law, including Nevada state constitutional law. The state supreme court's rejection of
8 petitioner's core argument regarding an alleged lack of enacting clauses is the final word on
9 that subject, and a federal court may not reach a different conclusion on the Nevada state law
10 issue undergirding petitioner's federal claims. Nothing in the strained logic presented by
11 petitioner leads to a different outcome with regard to his remaining related arguments. An
12 alleged violation of a state constitutional doctrine of separation of powers does not give rise
13 to a viable federal constitutional claim.

14 To the extent that Ground 3 carries forward the same frivolous argument that N.R.S.
15 200.080 is unconstitutional, Ground 3 fails to state a claim upon which relief may be granted.
16 Ground 3 otherwise is conclusory to any *arguendo* extent that it alleges that the statute
17 otherwise is unconstitutional, because it lacks supporting specific factual allegations.

18 Grounds 1 and 2 and the portion of Ground 3 alleging that N.R.S. 200.080 is
19 unconstitutional accordingly will be dismissed for failure to state a claim upon which relief may
20 be granted. The Court will direct service of the remainder of Ground 3 for a response, subject
21 to the provisions *infra*.[3]

---

[2] *See, e.g., Joseph v. Williams*, No. 70840, 2017 WL 3707316 (Nev. Ct. App., Aug. 16, 2017); *Newton v. State*, No. 72387, 2017 WL 2628530 (Nev., June 15, 2017); *Hull v. State*, No. 62954, 2013 WL 5730596 (Nev., Oct. 16, 2013); *Betts v. State*, No. 62579, 2013 WL 3270769 (Nev. June 12, 2013); *Depiano v. Palmer*, No. 61562, 2013 WL 3305482 (Nev., May 13, 2013); *Burgess v. State*, No. 60265, 2012 WL 5835122 (Nev., Nov. 15, 2012); *Valenzuela v. State*, No. 57979, 2011 WL 4345453 (Nev., Sept. 15, 2011); *Gutierrez-Piceno v. State*, No. 57391, 2011 WL 2748446 (Nev., July 13, 2011); *Lyons v. State*, No. 55760, 2011 WL 1044591 (Nev., March 17, 2011). The Court has cited only a representative sample of the numerous similar cases available via online legal research.

[3] Nothing herein suggests that Grounds 1, 2 and 3 are exhausted, timely and otherwise not barred
(continued...)

**III. Remaining Motions**

Petitioner's motion (ECF No. 10) to file a supplemental memorandum and for a telephonic hearing will be denied. Petitioner can present legal argument as to potential defenses and/or on the merits in reply to the response filed by respondents after service.

Petitioner's motion (ECF No. 11) for reconsideration of the denial of his motion for appointment of counsel will be denied. Appointment of counsel herein is governed by 18 U.S.C. § 3006A, not the Americans with Disabilities Act or Rehabilitation Act. Petitioner's multitudinous filings in state and federal court belie his assertions that he has cognitive impairments that render him incapable of presenting his position adequately in proper person. Similarly, it is apparent that he can do so with the prison law library resources currently available to him. The Court again finds that the interests of justice do not require the appointment of counsel herein, for the reasons previously assigned. (See ECF No. 5, at 2-3.)

The motions (ECF Nos. 12 and 13) for a temporary restraining order and preliminary injunction will be denied as, in the main, moot. The motions sought to compel state correctional officers to produce the financial attachments required for petitioner's pauper application. Petitioner since has filed a properly completed pauper application, and the application has been granted. To the extent that petitioner is concerned about a law library supervisor allegedly not notarizing his filings, petitioner can file papers with a declaration under penalty of perjury under 28 U.S.C. § 1746, such that notarized filings are never necessary. (*Cf.* ECF No. 9, at 14.) The Court otherwise cannot compel state correctional officers to provide petitioner with unlimited legal copies free of charge.

Petitioner's associated motion (ECF No. 17) for a telephonic hearing on the foregoing motions for interlocutory equitable relief also will be denied.

---

[3](...continued)
procedurally. The Court dismisses Grounds 1 and 2 and the designated portion of Ground 3 under 28 U.S.C. § 2254(b)(2) even if these claims *arguendo* are, *inter alia*, unexhausted. These grounds do not raise even colorable federal claims. The Court makes no implicit holding, on any issue, by silence.

Petitioner's motion (ECF No. 18) styled as a motion for hearing is frivolous and will be denied. The Court will provide petitioner one warning with regard to such filings. Continued filing of frivolous papers in this action pertaining to a "proof of claim," "conditional acceptance for value upon proof of claim," and other similar purportedly UCC-related pseudo-legal papers will result in sanctions being imposed and petitioner being designated a restricted filer in this action. Such sanctions may include referral to correctional authorities for consideration of possible forfeiture of sentence credits under N.R.S. 209.451 and/or a finding of institutional disciplinary major violation MJ48 under the state correctional administrative regulations.

Petitioner's motion (ECF No. 20) to be transported for a live court hearing on the foregoing frivolous motion will be denied.

IT THEREFORE IS ORDERED that petitioner's third application (ECF No. 14) to proceed *in forma pauperis* is GRANTED, that petitioner shall not be required to pay the filing fee, and that his remaining pauper applications (ECF Nos. 8 & 23) are DENIED without prejudice as moot.

IT FURTHER IS ORDERED that all remaining pending motions (ECF Nos. 10, 11, 12, 13, 17, 18, & 20) are DENIED, for the reasons assigned herein.

IT FURTHER IS ORDERED that Grounds 1 and 2 and the portion of Ground 3 alleging that N.R.S. 200.080 is unconstitutional in the amended petition (ECF No. 9) are DISMISSED for failure to state a claim upon which relief may be granted.

IT FURTHER IS ORDERED that the Clerk of Court shall update the respondents on the docket sheet as per the amended petition (ECF No. 9) and shall informally electronically serve the Nevada Attorney General with a copy of the amended petition and this order, along with regenerated notices of electronic filing of the remaining filings herein.

IT FURTHER IS ORDERED that respondents shall have **sixty (60) days** from entry of this order within which to respond to the remaining claims in Ground 3 in the amended petition. **Any response shall comply with the remaining provisions below.**

IT FURTHER IS ORDERED that, for this particular action, respondents shall assert all of their procedural defenses and argument as to the merits of the claims remaining in Ground

3 in a single consolidated answer. The Court in particular wishes to be able to assess petitioner's claim of actual factual innocence not only as a potential stand-alone substantive claim but also as it relates to any potentially applicable procedural defenses.

IT IS FURTHER ORDERED that respondents shall file and serve a set of state court record exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed *infra*. **The exhibits shall include any extant state court record materials bearing on petitioner's claim of actual innocence, in a case which was resolved by a plea, such as any previously-prepared transcript of a preliminary hearing, investigative materials submitted with a charging document, and/or materials submitted for consideration at sentencing.**

IT IS FURTHER ORDERED that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in Case No. 3:06-cv-00087-ECR-VPC, nos. 25-71. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the **Reno Clerk's Office**.

IT IS FURTHER ORDERED that petitioner shall have **sixty (60) days** from service of the answer to mail a reply to the Clerk for filing. All assertions of fact therein must be specific and must be supported by competent evidence in the federal record, including via the state court record exhibits.

DATED: <u>March 13, 2018.</u>

_____
RICHARD F. BOULWARE, II
United States District Judge