UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PETER JASON HELFRICH,

Petitioner,

v.

STATE OF NEVADA, et al.,

Respondents.

Case No. 2:16-cv-00312-RFB-NJK

ORDER

This *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 comes before the Court on various filings by the petitioner (ECF Nos. 28, 29, 32, 34, 35 & 41).

The amended petition for writ of habeas corpus in this case asserts three grounds for relief. (ECF No. 9). On March 13, 2018, the Court issued its screening order, in which it dismissed Grounds 1, 2, and part of Ground 3 for failure to state a claim. The Court directed respondents to file an answer or otherwise respond to the remaining claims in Ground 3. (ECF No. 25).

In response, petitioner filed a document objecting to the Court's March 13, 2018, order and seeking to either dismiss Ground 3 or, in the alternative, for recusal of the undersigned from this action. (ECF Nos. 28 & 29). At or around the same time, petitioner filed a Notice of Appeal of the Court's March 13, 2018 order. (ECF No. 30). On May 4, 2018, petitioner filed a document entitled "Affidavit of Judicial Notice . . . and Notice of Appeal" in which petitioner clearly and

repeatedly asserts that he has dismissed Ground 3. (ECF Nos. 32 & 33 (E.g.: "'Affiant Helfrich'" wants it on the record that: I dismiss(ed) Ground Three (3) of said Habeas Corpus at Bar' [Second Notice].")). On May 10, 2018, petitioner filed another document indicating the dismissal of Ground 3 and petitioner's desire to appeal the Court's dismissal of Grounds 1 and 2. As respondents have not yet answered or filed a motion for summary judgment in this case, the Court construes petitioner's filings as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Finally, petitioner has filed a "Request for Judicial Notice" concerning prior filing he has labeled "Coloring Agreement." (ECF No. 41).

Addressing first petitioner's motion for the recusal of the undersigned judge, recusal is appropriate "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citations omitted). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Petitioner has not pointed to any facts upon which the undersigned's impartiality might reasonably be questioned. What petitioner characterizes as "threats" in the Court's screening order were nothing more than a warning to petitioner to stop filing frivolous documents having nothing to do with his habeas petition. The Court has inherent authority to manage its docket and affairs "'so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, -- U.S. --, 136 S. Ct. 1885, 1891 (2016). The Court's warning to petitioner that it would exercise its authority in this case if he continued to file plainly frivolous pleadings was not a threat and is not a basis for recusal. The motion for recusal will therefore be denied.

Turning to petitioner's notice of voluntarily dismissal of Ground 3, voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) is effective upon filing the notice and thus automatically granted. *See Luna v. Kernan*, 784 F.3d 640, 643 (9th Cir. 2015). Accordingly, Ground 3 has been dismissed. Petitioner's notice does not indicate that the dismissal should be with prejudice and appears to suggest it should be without prejudice. (*See, e.g.*, ECF No. 32 at 1). The dismissal of Ground 3 is therefore without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

As all other grounds of the petition have already been dismissed by order of the Court, nothing remains pending in this action, and this action will therefore be closed.

To the extent petitioner seeks any other relief in his "Request for Judicial Notice," the relief is denied.

To the extent petitioner seeks a certificate of appealability, the request will also be denied. First, it is questionable whether the appellate court will have jurisdiction over petitioner's appeal following upon petitioner's voluntary dismissal. *See Gayler v. Neven*, 2018 WL 505074, at *2 (D. Nev. Jan. 22, 2018). Second, even assuming the circuit court has jurisdiction over petitioner's appeal, petitioner cannot satisfy the standard for issuance of a certificate of appealability.

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. In particular, petitioner wishes to appeal the dismissal of Grounds 1 and 2. (See ECF No. 32 at 1). Ground 1, which asserts a claim of ineffective assistance of post-conviction counsel, is clearly not cognizable in habeas. *Martinez v. Schriro*, 623 F.3d 731, 739–40 (9th Cir. 2010), *rev'd on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Ground 2, which asserts a claim that the Nevada voluntary manslaughter statute is unconstitutional because

it did not contain an enacting clause when Nevada's state statutes were codified into the Nevada Revised Statutes is plainly frivolous. Reasonable jurists would not find dismissal of these two claims was to be debatable or wrong. The Court will therefore deny petitioner a certificate of appealability.

In accordance with the foregoing, IT IS HEREBY ORDERED that petitioner's motion for the recusal of the undersigned (ECF No. 28 & 29) is DENIED.

IT IS FURTHER ORDERED that petitioner's notice of voluntary dismissal is automatically GRANTED pursuant to Rule 41(a)(1)(A), and the Clerk of Court is directed to CLOSE this action.

IT IS FURTHER ORDERED that any other relief requested by petitioner, including in his "Request for Judicial Notice" (ECF No. 41) is DENIED.

IT IS FURTHER ORDERED that petitioner is DENIED a certificate of appealability.

DATED this 10th day of July, 2018.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE